IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| RENEE N.,[1] | Case No. 6:20-cv-01131-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security,[2] | |
| Defendant. | |

**BECKERMAN, U.S. Magistrate Judge.**

This matter comes before the Court on Renee N.'s ("Plaintiff's") motion for attorney's fees under 42 U.S.C. § 406(b).[3] The parties have consented to the jurisdiction of a magistrate

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case.

[2] Kilolo Kijakazi became the acting Commissioner of the Social Security Administration on or about July 9, 2021 and is named as the defendant in place of "Commissioner Social Security Administration." *See* FED. R. CIV. P. 25(d).

[3] The Court refers at times to Plaintiff but notes that in this context, Plaintiff's attorney is the real party in interest. *See Lane v. Saul*, 831 F. App'x 845, 846 (9th Cir. 2020) (noting that the claimant's "attorney and real party in interest" appealed the district court's order for fees under § 406(b)).

PAGE 1 – OPINION AND ORDER

judge under 28 U.S.C. § 636(c). For the reasons explained below, the Court grants Plaintiff's motion.

## BACKGROUND

On July 13, 2020, Plaintiff filed this appeal challenging the Commissioner of Social Security's ("Commissioner") denial of her application for Supplemental Security Income under Title XVI of the Social Security Act. (ECF No. 1.) In an Opinion and Order dated October 5, 2021, the Court reversed the Commissioner's decision and remanded for further proceedings. (ECF Nos. 18-19.)

On December 28, 2021, the Court granted Plaintiff's unopposed motion for $5,530.46 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (ECF No. 23.) However, the government garnished the EAJA fee award for repayment of Plaintiff's owed child support, and Plaintiff's attorney did not receive her EAJA fee. (Pl.'s Mot. ("Pl.'s Mot.") at 2 n.1, ECF No. 24; ECF No. 24-4.) On November 24, 2023, after Plaintiff prevailed on the merits of her disability claim at the administrative level, Plaintiff filed the present motion for attorney's fees under § 406(b). (*See* Pl.'s Mot.)

## LEGAL STANDARDS

### I.    STATUTORY MAXIMUM

"For judicial proceedings, § 406(b)(1) provides that a federal court that 'renders a judgment favorable to a claimant . . . who was represented before the court by an attorney' may grant the attorney 'a reasonable fee for [that] representation[.]'" *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1217 (9th Cir. 2012) (quoting 42 U.S.C. § 406(b)(1)(A)). If the court grants a fee request under § 406(b), the "award is paid directly out of the claimant's benefits," and must "not [be] in excess of [twenty-five] percent of the total of the past-due benefits to

which the claimant is entitled by reason of [the court's] judgment." *Id.* (quoting

42 U.S.C. § 406(b)(1)(A)).

Notably, "[b]ecause attorneys who accepted an award under [the EAJA] in excess of the

§ 406(b)(1) cap could be subject to criminal sanctions under § 406(b)(2), Congress amended the

EAJA in 1985 to add a savings provision that allows attorneys to receive fees under both

§ 406(b) and [the EAJA]."[4] *Id.* at 1218. The savings provision seeks to "maximize the award of

past-due benefits to claimants and . . . avoid giving double compensation to attorneys," and

therefore "requires a lawyer to offset any fees received under § 406(b) with any award that the

attorney receives under [the EAJA] if the two were for the 'same work.'" *Id.* (citing *Gisbrecht v.

Barnhart*, 535 U.S. 789, 796 (2002)). Although the savings provision states that "the claimant's

attorney must refund to the claimant the amount of the smaller fee," *id.* (simplified), the Ninth

Circuit has held that a district court may offset or deduct EAJA fee awards from the § 406(b)

award.

In *Parrish*, the Ninth Circuit assessed whether the claimant's attorney "'receive[d] fees

for the same work' under the EAJA and SSA for the two appeals he undertook for [the

claimant]." *Id.* at 1217. During the first appeal, the district court remanded the case for further

proceedings and awarded the attorney "$5,000 in attorneys' fees pursuant to the EAJA." *Id.* at

1218-19. After an unfavorable agency decision on remand, the same attorney represented the

claimant during a second appeal. *Id.* at 1219. After remanding the case for an award of benefits,

the district court awarded the attorney "an additional $6,575 [in EAJA fees], bringing the total

---

[4] Unlike § 406(b) fees, which a claimant pays directly out of her benefits, "the EAJA requires the government to pay the fees and expenses of a 'prevailing party' unless the government's position was 'substantially justified.'" *Parrish*, 698 F.3d at 1218 (quoting 28 U.S.C. § 2412(d)(1)(A)). Courts award EAJA fees at "intermediate stage[s] in a Social Security case[.]" *Id.*

PAGE 3 – OPINION AND ORDER

award to $11,575 in EAJA fees." *Id.* The attorney later sought "$9,059.89 in [§ 406(b)] fees, equating to the statutory maximum of [twenty-five] percent of the past-due benefit award[.]" *Id.* The attorney "conceded that the savings provision required the [district] court to deduct the second EAJA award of $6,575 from his § 406(b) fees and thus sought payment of only $2,484.89." *Id.* The district court disagreed and instead "held that the savings provision required it to deduct the first EAJA award of $5,000, as well as the second award of $6,575, from the § 406(b) fees." *Id.* Given that the combined "EAJA award of $11,575 was greater than the § 406(b) award of $9,059.89, the [district] court declined to make any further award to [the attorney]." *Id.*

Before the Ninth Circuit, the claimant's attorney argued that the district court erred in "deducting" his first EAJA fee award from his § 406(b) award of twenty-five percent of the claimant's past-due benefits because his first EAJA and § 406(b) awards were not for the "same work." *Id.* The Ninth Circuit disagreed and explained that "[u]nder [§ 406(b)'s] plain language, a federal court may consider an attorney's representation of the client throughout the case in determining whether a fee award is reasonable[,]" and to hold otherwise would mean that "a claimant could end up paying more than [twenty-five] percent of past-due benefits in federal court attorneys' fees, a result that would thwart the . . . intent of Congress to prevent attorneys '[c]ollecting or even demanding from the client anything more than the authorized allocation [twenty-five percent] of past-due benefits[.]'" *Id.* at 1220 (quoting *Gisbrecht*, 535 U.S. at 795). The Ninth Circuit thus held that the district court did not err in offsetting the EAJA awards against the § 406(b) award:

> We therefore hold that if a court awards attorney fees under [the EAJA] for the representation of a Social Security claimant on an action for past-due benefits, and also awards attorney fees under § 406(b)(1) for representation of the same claimant in connection with the same claim, the claimant's attorney

PAGE 4 – OPINION AND ORDER

> 'receives fees for the same work' under both [the EAJA] and § 406(b)(1) for purposes of the EAJA savings provision. The district court is well positioned to implement § 406(b)'s requirements. Where the same attorney represented a claimant at each stage of judicial review, *the court need merely offset all EAJA awards against the § 406(b) award*. But even in circumstances where a claimant has more than one attorney at different appeals, district courts would have ample discretion to apportion fees equitably under § 406(b)(1), and apply the offset as appropriate to those attorneys who received both § 406(b)(1) and EAJA awards.
>
> . . . .
>
> We now apply these principles here. [The attorney] represented [the claimant] in all proceedings before the district court in connection with her claim, and the district court awarded [the attorney twenty-five] percent of [the claimant's] past-due benefits award as a reasonable fee for that representation. [The attorney] received the $5,000 award under [the EAJA] for his representation of [the claimant] on her first appeal. Accordingly, the $5,000 award under EAJA was for the 'same work' as the work for which [the attorney] received the § 406(b)(1) award, and therefore *the district court correctly offset the $5,000 from the [twenty-five] percent award*.

*Id.* at 1221 (emphasis added).

As both parties agree (Pl.'s Mot. at 2 n.1, Def.'s Resp. at 3-4, ECF No. 25), § 406(b) fees are offset only by the EAJA fees actually received by Plaintiff's counsel. *See Watkins v. Comm'r, Soc. Sec. Admin.*, No. 6:19-cv-00502-SI, 2021 WL 3853256, at *1 (D. Or. Aug. 27, 2021) (offsetting only the EAJA award amount actually received and not the amount garnished by the government); *Nickola G. v. Comm'r, Soc. Sec. Admin.*, No. 3:18-cv-01493-HZ, 2021 WL 1170083 (D. Or. Mar. 23, 2021) (awarding the full amount of § 406(b) fees without offset because "the EAJA fee award was garnished to pay Plaintiff's federal debt"); *Colcord v. Comm'r of Soc. Sec. Admin.*, No. 6:13-cv-02068-MA, 2015 WL 4417228, at *2 (D. Or. July 17, 2015) (concluding that, because the government garnished the EAJA fee award, "the requested fees . . . under § 406(b) are not offset by the EAJA fees awarded because [the claimant's attorney] did not in actuality receive the [EAJA] fees"); *Lindstrom-Hernandez v. Comm'r of Soc. Sec.*, No. 6:11-cv-06275-HA, 2014 WL 3957743, at *1 (D. Or. Aug. 12, 2014) (concluding that because

the awarded EAJA fee "was not paid to counsel as it was garnished to pay plaintiff's debt to the government . . . the previous EAJA award will not be subtracted from any amount awarded now").

## II.     REASONABLENESS TEST

Section 406(b) provides that "the fee must not exceed [twenty-five percent] of the past-due benefits awarded[,]" but it "does not specify how courts should determine whether a requested fee is reasonable." *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009) (en banc) (citing *Gisbrecht*, 535 U.S. at 800). Addressing this issue, the Supreme Court "held that a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee agreements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness[.]'" *Id.* (quoting *Gisbrecht*, 535 U.S. at 793, 808). The Supreme Court "noted that courts that had followed this model had 'appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.'" *Id.* (quoting *Gisbrecht*, 535 U.S. at 808). Consistent with this approach, "[a] fee resulting from a contingent-fee agreement is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the 'benefits are large in comparison to the amount of time counsel spent on the case.'" *Id.* (quoting *Gisbrecht*, 535 U.S. 808).

If the district court determines that the fee request is unreasonable and subject to reduction, "it must provide 'a concise but clear explanation of its reasons for the fee award.'" *Id.* at 1152 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)); *see also Laboy v. Colvin*, 631 F. App'x 468, 469 (9th Cir. 2016) (same). Notably, "where the district court awards a substantially reduced fee, it must 'articulate[] its reasoning with more specificity[.]'" *Crawford*,

PAGE 6 – OPINION AND ORDER

586 F.3d at 1152 (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)); *see also Moreno*, 534 F.3d at 1112 ("[T]he district court can impose a small reduction, no greater than [ten] percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation."); *Davis v. Colvin*, No. 3:09-cv-00649-AC, 2015 WL 268950, at *3 (D. Or. Jan. 20, 2015) ("[T]he court will exercise its discretion and apply a ten percent 'haircut' to [the § 406(b)] fees.").

## DISCUSSION

Plaintiff's attorney seeks $9,092.54 in § 406(b) fees, and "bears the burden of establishing that the fee sought is reasonable." *Crawford*, 586 F.3d at 1148 (citing *Gisbrecht*, 535 U.S. at 807). As explained below, Plaintiff's attorney has met her burden here.

In accordance with *Gisbrecht* and *Crawford*, the Court begins its § 406(b) fee determination by looking first to the contingent-fee agreement. "Contingent-fee . . . agreements providing for fees of [twenty-five percent] of past-due benefits have . . . become the 'most common fee arrangement between attorneys and Social Security claimants.'" *Crawford*, 586 F.3d at 1147-48 (quoting *Gisbrecht*, 535 U.S. at 800). Consistent with this common practice in Social Security cases, Plaintiff's contingent-fee agreement specifies that her attorney's fees cannot exceed twenty-five percent of any past-due benefits award. (ECF No. 24-3 at 1.) The Social Security Administration's ("SSA") Notice of Award reflects that the SSA awarded Plaintiff $36,370.14 in past-due benefits. (ECF No. 24-1 at 2.) Therefore, the requested $9,092.54 in fees is within the statutory maximum.

Having looked first to the contingent-fee agreement, the Court must now "test[] it for reasonableness." *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 808). As the Ninth Circuit has explained, "[a]lthough *Gisbrecht* did not provide a definitive list of factors that should be considered in determining whether a fee is reasonable or how those factors should be

PAGE 7 – OPINION AND ORDER

weighed, the [Supreme] Court directed the lower courts to consider 'the character of the representation and the results the representative achieved.'" *Id.* at 1151 (quoting *Gisbrecht*, 535 U.S. at 808). Thus, a "court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Id.* (citing *Gisbrecht*, 535 U.S. at 808).

A court should also "look at the complexity and risk involved in the specific case at issue to determine how much risk the [attorney] assumed in taking the case." *Id.* at 1153. In *Crawford*, for example, the Ninth Circuit held that the requested fees were reasonable and noted that the "attorneys assumed significant risk in accepting the[] cases, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases." *Id.* at 1152. Relevant to the issue of complexity, the Ninth Circuit has stated that "the term 'routine' is a bit of a misnomer [in the] social security disability [context because the cases] are often highly fact-intensive and require careful review of the administrative record, including complex medical evidence." *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1134 n.1 (9th Cir. 2012) (per curiam).

Considering the factors described above, the Court finds that the fees requested are reasonable and no downward adjustment is necessary here. Plaintiff's attorney achieved an excellent result (a reversal and remand for further proceedings). *See Wallace v. Kijakazi*, No. 3:20-cv-01189-SI, 2023 WL 3605603, at *2 (D. Or. Apr. 5, 2023) (making the same finding regarding "a stipulated remand for further proceedings"); *Harris v. Comm'r of Soc. Sec.*, No. 3:19-cv-02078-IM, 2023 WL 2187551, at *2 (D. Or. Feb. 23, 2023) (concluding the same about two remands for further proceedings and an ultimate award of benefits). Plaintiff did not cause any excessive delay. *See Harris*, 2023 WL 2187551, at *2 ("This Court also finds that no

reduction in fees due to dilatory performance is warranted, as Plaintiff's counsel sought and received only one brief extension[.]"). Additionally, counsel's representation of Plaintiff was professional.

Furthermore, the fees requested ($9,092.54) would not result in a windfall to Plaintiff's attorney, who (1) assumed the risk of long delays and that the SSA would not award benefits to Plaintiff, and (2) spent 25.95 hours on this appeal (ECF No. 24-2 at 1-2), which produces an effective hourly rate of approximately $350.39. *See Wallace*, 2023 WL 3605603, at *2 (noting that "effective hourly rates exceeding $1,000 have been approved in this district") (citations omitted).

In summary, the Court finds that the fees requested are reasonable and grants Plaintiff's motion.

## CONCLUSION

For the reasons stated, the Court GRANTS Plaintiff's motion for attorney's fees under § 406(b) (ECF No. 24), and awards Plaintiff's attorney § 406(b) fees in the gross amount of $9,092.54. Because the government garnished the EAJA fee award, Plaintiff's attorney did not receive her EAJA fees. Thus, Plaintiff's attorney is entitled to receive $9,092.54 in § 406(b) fees. The Court directs the Commissioner to issue Plaintiff's attorney a § 406(b) check from withheld benefits in the amount of $9,092.54, less any applicable administrative assessment as allowed by statute. Any amount withheld after all administrative and court attorney's fees are paid should be released to the claimant.

**IT IS SO ORDERED.**

DATED this 21st day of December, 2023.

*Stacie F. Beckerman*
HON. STACIE F. BECKERMAN
United States Magistrate Judge

PAGE 9 – OPINION AND ORDER